# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARMEN HILL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:08-CV-332 CAS |
| HSBC, USA, NA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Martin, Leigh, Laws & Fritzlen P.C.'s ("MLLF") and defendant Shapiro & Weisman L.C.'s ("S&W") motions to dismiss pursuant to Rule 12(b)(6). The allegations in the complaint stem from the foreclosure of plaintiff's real property. Plaintiff filed a twenty-nine page complaint against five defendants alleging counts for breach of contract, usury, wrongful foreclosure, fraudulent misrepresentation, violations of the Fair Debt Collections Practices Act, tortious interference with a contract, intentional infliction of emotional distress, and slander of title. Defendants MLLF and S&W have each moved to dismiss on the ground that plaintiff has failed to allege any facts that would show that they committed any of the alleged violations listed in the complaint, with the exception that MLLF has answered plaintiff's allegations of slander of title. After reviewing the motions and the complaint, the Court finds that S&W's motion should be granted and that MLLF's motion should be granted in part and denied in part.

### Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state

a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). This is especially true when, as here, a plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion, but materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

## The Complaint

Plaintiff alleges in her complaint that her home loan was wrongly transferred by and between various entities, ultimately resulting in the wrongful foreclosure of the property, as well as plaintiff's eviction from the property and subsequent damages thereto. The specific allegations against MLLF and S&W in the complaint are as follows:

Plaintiff claims that MLLF was improperly named as successor trustee over the property by co-defendant HSBC USA NA ("HSBC"). Plaintiff states that MLLF sent her notice on October 26, 2007, stating that it had been retained by co-defendant OCWEN Loan Servicing, L.L.C., to collect on her note in the amount of $82,500. Plaintiff alleges that she received a notice from MLLF on November 15, 2007, that it was conducting a trustee's sale on the property because plaintiff had defaulted on the payments. Plaintiff admits in her complaint that she had defaulted on payments. Plaintiff alleges MLLF conducted the foreclosure sale on the property on December 10, 2007. Plaintiff claims MLLF did not have the authority to conduct this sale.

In her complaint plaintiff alleges S&W, a law firm acting as counsel for HSBC, sent her a letter on January 8, 2008, ordering her to vacate the property. Plaintiff alleges that as of that date no record of a trustee's deed had been recorded with the recorder of deeds. Plaintiff further alleges that on January 10, 2008, S&W filed an action for unlawful detainer against her in the Circuit Court for the City of St. Louis. Plaintiff claims that S&W's client did not have standing to bring an unlawful detainer action against her on that date because the trustee's deed had not been properly recorded. Plaintiff alleges that she moved to dismiss the case, and that the court granted her motion and the case was dismissed without prejudice. Plaintiff claims that on February 27, 2008, MLLF filed an affidavit

and second complaint for unlawful detainer against her. Plaintiff believes MLLF lacked standing to bring the suit.

**Discussion**

Defendants MLLF and S&W argue that claims against them should be dismissed because, with the exception of the slander of title claim against MLLF, the complaint fails to allege any facts that would show that they committed any of the violations cited in plaintiff's claims for relief.

 1. <u>Defendant S&W</u>

The only allegations in the complaint that pertain to S&W are that it sent a letter, as counsel for HSBC, to plaintiff ordering her to vacate her property and that it subsequently filed an unlawful detainer action against her on behalf of its client. These alleged facts are insufficient to support a finding that S&W's conduct falls within any of the counts delineated in the complaint. That is, as to S&W, the complaint fails to state "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 127 S. Ct. at 1974, and the Court will not fabricate legal theories on plaintiff's behalf. <u>See, e.g., Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004) ("regarding a <u>pro se</u> plaintiff, 'we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded'") (quoting <u>Dunn v. White,</u> 880 F.2d 1188, 1197 (10th Cir. 1989))).

 2. <u>Defendant MLLF</u>

The complaint appears to allege that MLLF, as trustee, illegally sold plaintiff's home in a foreclosure sale. As a result, the Court finds that plaintiff's claim for wrongful foreclosure should not be dismissed as to defendant MLLF at this time. MLLF has answered plaintiff's allegations of slander of title, so that claim will remain pending against MLLF as well.

However, the complaint alleges no facts that might state a plausible claim for relief against MLLF on plaintiff's claims for breach of contract, usury, fraudulent misrepresentation, violations of the Fair Debt Collections Practices Act, tortious interference with a contract, or intentional infliction of emotional distress. As a result, the Court will dismiss each of these claims as to MLLF.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Shapiro & Weisman L.C.'s motion to dismiss is **GRANTED**. [Doc. 18]

**IT IS FURTHER ORDERED** that defendant Martin, Leigh, Laws & Fritzlen P.C.'s motion to dismiss is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Order. [Doc. 13]

An Order of Partial Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of October, 2008.