UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARMEN HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:08-CV-332 CAS |
| | ) |
| HSBC, USA, NA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants HSBC Bank USA, N.A.'s ("HSBC"), Ocwen Loan, Servicing, LLC's ("Ocwen"), and Martin, Leigh, Laws & Fritzlen P.C.'s ("MLLF") motions for summary judgement. Plaintiff, who is proceeding pro se, brought a 29-count complaint against five defendants: HSBC, Ocwen, MLLF, Shapiro & Weisman L.C. ("S&W") and Imperial Lending, LLC ("Imperial Lending") alleging counts for breach of contract, usury, wrongful foreclosure, fraudulent misrepresentation, violations of the Fair Debt Collections Practices Act, tortious interference with a contract, intentional infliction of emotional distress, and slander of title. Default was entered against defendant Imperial Lending for its failure to answer or otherwise respond to plaintiff's complaint. [Doc. 36]. On October 22, 2008, the Court granted defendant S&W's motion to dismiss, and granted in part defendant MLLF's motion to dismiss. [Doc. 38]. Defendants HSBC, Ocwen, and MLLF now move for summary judgment as to the remaining claims against them. For the following reasons the motions will be granted.

**Standard**

This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Board of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico, 457 U.S. 853, 863 (1982). The moving party must initially demonstrate the absence of an issue for trial. Celotex Corp., 477 U.S. at 323. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. Pico, 457 U.S. at 863. Nevertheless, once a motion is properly made and supported, the non-moving party may not rest upon the allegations in his pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 257 (1986) (citing Fed. R. Civ. P. 56(e)). Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322-24.

**Background**

The Court accepts the following material facts as true for purposes of summary judgment:

Plaintiff, on or about December 30, 2005, entered into a mortgage loan in the amount of $82,500.00 to refinance real estate located at 1623 Knapp, St. Louis, Missouri (the "Loan"). In conjunction with the Loan, plaintiff executed a Note and delivered a Deed of Trust to Imperial Lending. As part of the Loan transaction, plaintiff executed a Servicing Disclosure Statement acknowledging and agreeing that the right to collect payment on the Loan could be assigned, sold, or transferred to a new servicer.

On or about March 31, 2006, the Note and Deed of Trust were assigned to defendant ("HSBC"). Defendant Ocwen was the appointed loan servicer when, in July 2007, plaintiff defaulted on the Loan. Thereafter, plaintiff entered into two separate forbearance agreements in an

attempt to prevent foreclosure where she agreed to pay $1,100 per month beginning August 1, 2007. As a condition of the forbearance agreements, plaintiff released Ocwen and HSBC from "any and all claims known or unknown . . . which in any way arise from or relate to the Note, the Mortgage, the Loan, or the Default."

Plaintiff defaulted on the forbearance agreements, and HSBC accelerated the Note and foreclosed its Deed of Trust. HSBC was the its highest and best bidder at the Trustee's Sale and became owner of the real property by the Trustee's Deed, which was issued by defendant MLLF. Neither Ocwen nor HSBC participated in or had any relationship to the negotiation and closing of the Loan at issue in this case.

MLLF's only involvement in this matter is that it was appointed successor trustee under the Deed of Trust in order to conduct a Missouri non-judicial foreclosure. MLLF conducted the foreclosure on December 10, 2007.

**Discussion**

1.  Breach of Contract Claims

The complaint alleges that Ocwen, HSBC, and various other entities breached a contract with plaintiff. The Court previously dismissed plaintiff's breach of contract claims as to MLLF.

To state a claim for breach of contract, plaintiff must show: "(1) the existence of an enforceable contract between the parties, (2) mutual obligations under the terms of the contract, (3) one party's failure to perform the obligations imposed by the contract, and (4) the other party's thereby incurring damage." McClain v. Papka, 108 S.W.3d 48, 53 (Mo. Ct. App. 2003). Failure to prove any of the elements defeats the claim.

Plaintiff erroneously alleges that Ocwen sold or transferred the note to HSBC. As plaintiff herself points out, Ocwen was never a holder in due course of the note. Accordingly, it could not sell or transfer the note, and it did not do so. Plaintiff also alleges that HSBC breached a contractual obligation to her by selling the note to a pool of investors without notice to her. The evidence demonstrates that HSBC did not sell the note as alleged. Instead, it acquired the note through assignment. Furthermore, any sales or transfers of the loan were authorized by plaintiff in conjunction with the origination of the loan. In addition, to the extent the breach of contract claim alleges breach of any agreement that predates the forbearance agreement entered into on or about March 22, 2007, plaintiff has voluntarily waived all such claims.

Ocwen acknowledges that, on behalf of HSBC, it entered into forbearance agreements with plaintiff. However, plaintiff admits that she, and not defendants, breached those agreements by failing to pay the amounts she agreed to pay. Nevertheless, plaintiff has neither revealed the existence of these forbearance agreements in bringing her claims, nor introduced any evidence from which the Court could find that either Ocwen or HSBC breached these agreements and caused her damage thereby. HSBC and Ocwen are entitled to summary judgment on plaintiff's breach of contract claims.

2.  Usury Claims

Plaintiff alleges that the Note entered December 30, 2005, violates Missouri's usury laws. These allegations, however, are wholly conclusory and do not set forth any facts that would demonstrate that either HSBC or Ocwen violated any laws. Additionally, the allegations fail to identify any particular law that was allegedly violated. As a result, plaintiff's usury claims fail to state a claim upon which relief can be granted.

Additionally, plaintiff waived all claims "relating to the Note, the Mortgage [or] the Loan," as a condition of forbearance. This waiver encompasses any complaint plaintiff may have about the interest charged on the loan. Plaintiff's usury claims fail for this reason as well.

Moreover, Ocwen is a servicing agent who holds no beneficial interest in the payments made on the loan, and HSBC is a federal thrift. As a result, Missouri's usury statutes are preempted by the Depository Institutions Deregulation and Monetary Control Act of 1980, 12 U.S.C. § 1735f-7a(a)(1) and the Home Owners Loan Act, 12 U.S.C. §§ 1461 *et seq.* See In re Lawson Square, Inc., 816 F.2d 1236, 1240 (8th Cir. 1987); In re Tinnin, 37 B.R. 912, 913 (Bankr. E.D. Mo. 1984). For these reasons, HSBC and Ocwen are entitled to summary judgment on plaintiff's usury claims.

    3.    <u>Wrongful Foreclosure Claims</u>

Plaintiff admits she was in default, but contends that the foreclosure was wrongful because HSBC did not demonstrate that it was the holder of the note and mortgage at issue prior to commencing foreclosure proceedings. The note and mortgage were assigned to HSBC as Trustee on Behalf of ACE Securities Corp., Home Equity Loan Trust 2006-SD2 on March 31, 2006. HSBC was the holder pursuant to assignment. Accordingly, there is no genuine dispute as to HSBC's ownership of the note and mortgage or its authority to foreclose.

As for Ocwen, it is an agent of HSBC, and may not be held independently liable for actions done on its behalf. See K&G Farms v. Monroe County Service Co., 134 S.W.3d 40, 45 (Mo. Ct. App. 2003); Austin v. Trotters Corp., 815 S.W.2d 951, 958 (Mo. Ct. App. 1991). Additionally, there is no genuine dispute that HSBC had the authority to appoint MLLF as successor trustee. As a

result, Ocwen, HSBC, and MLLF are entitled to summary judgment on plaintiff's wrongful foreclosure claims.

   4.  <u>Post-Foreclosure Damage Claims</u>

Although not set out as a separate cause of action, plaintiff contends that she suffered damages due to water pipes freezing and bursting in the property. She contends that she was damaged by the water intrusion, even though foreclosure was complete at the time of the occurrence. Unless plaintiff redeems the property out of foreclosure, however, she has realized no harm or loss as a result of the alleged property damage. Although plaintiff is not fully divested of title in the property until the period of redemption has run, she has no entitlement to the proceeds of insurance on the property unless and until she has exercised the right of redemption. <u>See</u>, <u>e.g.</u>, <u>Wilson v. Glancy</u>, 913 P.2d 286, 290 (Okla. 1995). In order to have standing to recover for property damages after the foreclosure, plaintiff must redeem the property. The proceeds otherwise run to the benefit of the lien holder and may be used either to reduce the indebtedness or to repair the property for the benefit of the new owner.

Additionally, the hazard insurance in place at the time of foreclosure, as well as at the time of the alleged damage, was a force-placed policy that insured the interests of HSBC and Ocwen Loan Servicing. Plaintiff has not shown that she paid any premium for the policy or that she is contractually entitled to receive any benefit derived from it. As a result, HSBC and Ocwen are entitled to summary judgment on plaintiff's post-foreclosure damages claims.

   5.  <u>Fraudulent Misrepresentation Claims</u>

Plaintiff contends that her loan was sold into a securitized trust without her knowledge or consent. She claims that the loan was unlawfully sold or transferred without notice to her. Plaintiff

is mistaken. Plaintiff agreed, as part of the consideration for the lender agreeing to make the loan, that Imperial Lending was entitled to transfer the Note to a new Note Holder. Plaintiff further agreed that the Note, together with the Deed of Trust, could be sold one or more times without notice to her and that such sale might result in a change of loan servicer. As a result, HSBC and Ocwen are entitled to summary judgment on plaintiff's fraudulent misrepresentation claims.

6. Fair Debt Collection Practices Act Claims

Without references any specific provision or subsection, Plaintiff alleges, in a wholly conclusory manner, that defendants violated the Fair Debt Collection Practices Act ("FDCPA"). In her response to defendants' motion for summary judgment, plaintiff failed to demonstrate that there are genuine issues of material fact, which, if proven at trial, would entitled her to relief under the FDCPA. Furthermore, the allegations in the complaint fail to state a claim upon which relief can be granted under the FDCPA. As a result, HSBC and Ocwen are entitled to summary judgment on plaintiff's FDCPA claims.

7. Tortious Interference With a Contract Claims

Plaintiff's tortious interference with a contract claims are predicated on a misunderstanding of the relationship between HSBC and Ocwen. Plaintiff believes that she was a party to the servicing contract with Ocwen. Plaintiff is mistaken. Ocwen was the servicer on behalf of HSBC. Plaintiff also mistakenly believes that HSBC was the servicing agent. In fact, HSBC was the holder of the note and mortgage at the time of foreclosure. These mistakes lead plaintiff to conclude that HSBC was not authorized to initiate foreclosure proceedings and, by doing so, tortiously interfered with a contract she allegedly had with Ocwen.

The evidence before the Court shows that HSBC was authorized to initiate foreclosure proceedings. As a result, HSBC and Ocwen are entitled to summary judgment on plaintiff's tortious interference with a contract claims.

8. Intentional Infliction of Emotional Distress Claims

Plaintiff alleges that defendants caused her emotional distress through "fraudulent conveyances, unlawful foreclosure, misrepresentation, trespassing and tortiously interfering with her contract and breaching her contract." As is stated above, the evidence shows that defendants were entitled to initiate foreclosure proceedings on the property. As a result, there is no factual basis for plaintiff's intentional infliction of emotional distress claims, and HSBC and Ocwen are entitled to summary judgment on these claims.

9. Slander of Title Claims

Plaintiff alleges that the foreclosure action gives rise to a claim for slander of title. As previously discussed, however, plaintiff's payments were in default, and defendants were entitled to commence foreclosure proceedings under the Note and Deed of Trust. As a result, HSBC, Ocwen, and MLLF are entitled to summary judgment on plaintiff's slander of tile claims.

10. Claims Against Defendant Imperial Lending

Imperial Lending has not responded to the summons and is in default. Because plaintiff is proceeding in forma pauperis, the Court is authorized to dismiss on its own motion any claims against Imperial Lending that are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

Plaintiff's only federal cause of action against Imperial Lending is for alleged violations of the FDCPA. As stated above, the complaint fails to state a claim for relief under the FDCPA

because it does not contain sufficient factual allegations. As a result, the Court will dismiss without prejudice plaintiff's FDCPA claim against Imperial Lending pursuant to 28 U.S.C. § 1915(e). Additionally, the Court will dismiss without prejudice plaintiff's state law claims against Imperial Lending pursuant to 28 U.S.C. § 1367(c).

**Conclusion**

For these reasons, the Court will enter summary judgment in favor of defendants HSBC, Ocwen, and MLLF. The Court will dismiss plaintiff's claims against these defendants with prejudice. Additionally, the Court will dismiss plaintiff's claims against Imperial Lending without prejudice pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that defendants HSBC USA, N.A., and Ocwen Loan Servicing, LLC's joint motion for summary judgment is **GRANTED**. Plaintiff's claims against HSBC USA, N.A. and Ocwen Loan Servicing, LLC are **DISMISSED** with prejudice. [Doc. 54]

**IT IS FURTHER ORDERED** that defendant Martin, Leigh, Laws & Fritzlen's motion for summary judgment is **GRANTED**. Plaintiff's claims against Martin, Leigh, Laws & Fritzlen are **DISMISSED** with prejudice. [Doc. 51]

**IT IS FURTHER ORDERED** that plaintiff's claims against Imperial Lending, LLC are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that defendant Martin, Leigh, Laws & Fritzlen's motion for leave to respond to plaintiff's request for admissions out of time is **GRANTED**. [Doc. 49]

**IT IS FURTHER ORDERED** that defendants HSBC USA, N.A. and Ocwen Loan Servicing, LLC's motion to continue trial is **DENIED** as moot. [Doc. 67]

A separate Judgment will accompany this Memorandum and Order.

							_____
							**CHARLES A. SHAW**
							**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of December, 2009.